# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**FILED**
October 24, 2013
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**DUANE L. MUNDAY,**
**Claimant Below, Petitioner**

**vs.)   No. 11-1389**  (BOR Appeal Nos. 2045829 & 2045906)
(Claim No. 2009085049)

**WEST VIRGINIA DEPARTMENT OF CORRECTIONS,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Duane L. Munday, by George Zivkovich, his attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. The West Virginia Department of Corrections, by H. Dill Battle III, its attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated September 21, 2011, in which the Board affirmed the April 21, 2011, and March 17, 2011, Orders of the Workers' Compensation Office of Judges. In its April 21, 2011, Order, the Office of Judges affirmed the claims administrator's October 18, 2010, decision denying Mr. Munday's request to add lumbar sprain and lumbar IV disc disorder as compensable conditions of the claim. In its March 17, 2011, Order, the Office of Judges affirmed the claims administrator's March 8, 2010, decision denying Mr. Munday's request to reopen his claim for consideration of temporary total disability benefits. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Mr. Munday was employed by the West Virginia Department of Corrections as a security guard when, on March 22, 2009, he misstepped on a flight of stairs. The claims administrator held the claim compensable for a strain of the left knee on April 2, 2009. Several months later, on September 29, 2009, Mr. Munday presented himself at Camden-Clark Memorial Hospital

1

with complaints of acute back pain, stating that the injury occurred while lifting an inmate. On February 9, 2010, Mr. Munday submitted an application to have his claim reopened on a temporary total disability basis. In support of his application he submitted a report of Dr. Davis, who stated that Mr. Munday was suffering from severe and disabling back pain which limited his daily activities. The claims administrator denied Mr. Munday's request to reopen his claim on March 8, 2010, stating that the submitted evidence did not relate to a compensable condition of Mr. Munday's claim. On July 7, 2010, following the claims administrator's denial of his reopening request, Mr. Munday was evaluated by Dr. Guberman, who found that nothing in Mr. Munday's medical history related his lower back problems to his compensable injury. Nevertheless, on July 21, 2010, Dr. Shramowiat, one of Mr. Munday's treating physicians, requested that the diagnoses of lumbar sprain and lumbar IV disc disorder be added as compensable conditions of the claim. On October 18, 2010, the claims administrator also denied this request. The Office of Judges affirmed the March 8, 2010, decision of the claims administrator on March 17, 2011. It affirmed the October 18, 2010, decision of the claims administrator on April 21, 2011. The Board of Review affirmed both Orders of the Office of Judges by a joint Order on September 21, 2011, leading to this appeal.

In its March 17, 2011, Order, the Office of Judges found that Mr. Munday was not entitled to have his claim reopened for consideration of temporary total disability benefits because Mr. Munday had not disclosed a progression or aggravation of his compensable knee injury according to the requirements of West Virginia Code § 23-5-3 (2009). The Office of Judges also found that Mr. Munday had not disclosed any facts that had not previously been considered but which would entitle Mr. Munday to additional benefits. The Office of Judges determined that the report of Dr. Davis, which Mr. Munday had submitted in support of his application for additional temporary total disability benefits, did not establish that his knee injury had progressed.

In its April 21, 2011, Order, the Office of Judges concluded that Mr. Munday was not entitled to any benefits for the diagnoses of lumbar strain and lumbar IV disc disorder in relation to his March 22, 2009, injury. The Office of Judges found that Mr. Munday had reported to Dr. Davis, in February of 2010, that he had injured his back on March 22, 2009. But the Office of Judges found that there were no prior records that related his back condition to his compensable injury. The Office of Judges considered the opinion of Dr. Guberman, who stated that Mr. Munday had reached the maximum degree of medical improvement with respect to his left knee injury and who found no relationship between the compensable injury and Mr. Munday's back condition. The Office of Judges found that the addition of lumbar strain and lumbar IV disc disorder was unsupported by the record in this case.

The Board of Review adopted the findings of the Office of Judges and affirmed its March 17, 2011, and April 21, 2011, Orders. We agree with the Board of Review and the reasoning of the Office of Judges. In requesting a reopening of his claim, Mr. Munday did not meet the requirements of West Virginia Code § 23-5-3 because he did not disclose a progression or aggravation of his compensable condition or new facts that would entitle him to greater benefits. In requesting the addition of lumbar spine and lumbar IV disc disorder as compensable

conditions of his claim, Mr. Munday did not present evidence which related the conditions to his March 22, 2009, injury.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED:  October 24, 2013**

**CONCURRED IN BY:**
Chief Justice Brent D. Benjamin
Justice Robin J. Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II